[No. 13148.     Department Two. — November 10, 1892.]

EDWARD S. HUBBACK, APPELLANT, v. ANN S. ROSS
ET AL., RESPONDENTS.

AGENCY — EVIDENCE — PROOF OF AUTHORITY — DECLARATIONS OF AGENT —
RES GESTÆ. — Though the authority of a person to act as agent for an-
other cannot be proven by the declarations of the one assuming to act as
agent, yet when it is once shown that a person has actual or ostensible
authority to act for another, any declarations made by such agent at
the time of the transaction of the business intrusted or apparently in-
trusted to him, and relating to such business, is admissible as part of the
res gestæ.

ID. — DECLARATIONS BEYOND SCOPE OF AUTHORITY. — Where an agent is
not acting within the scope of his apparent authority, his declarations,
or any agreement which he assumes to make for his own benefit, are not
admissible in evidence against his principal.

ID. — OSTENSIBLE AUTHORITY OF AGENT OF GRANTOR — POSSESSION OF
DEED — SECURITY FOR LOAN TO AGENT. — The possession of a deed by
the agent of the grantor named therein clothes him with ostensible au-
thority merely to make a sale of the land to the grantee named therein,
to agree upon the price and other terms of the contract of sale, and
thereupon to deliver the deed as an absolute conveyance, or if as a mort-
gage, then as security for some obligation of the principal only, and does
not confer upon him ostensible authority to deliver the deed to the gran-
tee as security for a personal loan or advance made to himself.

APPEAL from a judgment of the Superior Court of
Marin County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Moses G. Cobb,* and *Hepburn Wilkins,* for Appellant.

An agent's authority can be shown or inferred from
circumstances. (Story on Agency, secs. 87, 106, 259,
260; Wharton on Agency, sec. 44; *Eagle Bank* v. *Smith,*
5 Conn. 71; 13 Am. Dec. 37; *Van Dusen* v. *S. M. Co.,* 36
Cal. 571; 95 Am. Dec. 209; *Davidson* v. *Dallas,* 8 Cal. 227;
*Morey* v. *Webb,* 58 N. Y. 350.) Having once established
an ostensible (if not actual) agency, the declarations or
admissions of the agent, connected with his acts of
agency, are admissible in evidence and bind the princi-
pal. (Civ. Code, sec. 2319; Code Civ. Proc., sec. 1870,
subd. 5; *Moore* v. *Bettis,* 53 Am. Dec. 773, and note;
*Randall* v. *Ches. & Del. C. Co.,* 1 Harr. (Del.) 234; *Sand-*

*ford* v. *Handy*, 23 Wend. 266; *Eagle Bank* v. *Smith*, 5 Conn. 71; 13 Am. Dec. 37; *Stiles* v. *Western R. R. Co.*, 8 Met. 44; 41 Am. Dec. 486; 1 Greenl. Ev., sec. 113; Story on Agency, sec. 134.)

*William Barber*, for Respondents.

The defendant cannot be bound by what might have been said and done by Makin in the assumed character of agent, without proof of the existence and extent of such agency. (*Grigsby* v. *Clear Lake W. Co.*, 40 Cal. 397, 404, 405; *Savings and Loan Society* v. *Gerichten*, 64 Cal. 524; *McMasters* v. *President etc.*, 55 N. Y. 222, 230; 14 Am. Rep. 239; *Gould* v. *Sterling*, 23 N. Y. 463; *Marvin* v. *Wilber*, 52 N. Y. 270; *People* v. *Bostwick*, 32 N. Y. 452.)

DE HAVEN, J. — The complaint in this action alleges, among other matters, that in the year 1885 the plaintiff had business correspondents in Liverpool, and that one Makin requested him to procure from said correspondents an advance of money to him, Makin, upon the security and in anticipation of the sale of a quantity of wheat which said Makin had shipped to Liverpool, and that he agreed to secure the plaintiff against any loss by reason of the transaction; that thereupon the plaintiff drew in his own name certain bills of exchange upon said correspondents, amounting to about thirty-one thousand pounds sterling, payable to said Makin, and which were thereafter accepted and paid by the drawees.

The complaint further alleges that at the time of drawing said bills of exchange he demanded of Makin security therefor, and thereupon the defendant Ann S. Ross, by request of said Makin, made and executed an instrument in writing, in form a deed of conveyance, of certain described real property, and gave the same to Makin with direction to deliver it to plaintiff, which was done by him on or about April 1, 1885. The complaint then proceeds to aver that said conveyance was executed and delivered to plaintiff as a mortgage, to secure the repayment to him by said Makin " of any moneys which

plaintiff might be required to pay to his said corre-
spondents and agents, in case the proceeds of sale of said
wheat should be insufficient to repay them the amount
of said drafts so accepted and paid by them."

It is further alleged that plaintiff was compelled to
pay on account of said bills of exchange the sum of
$10,733, and this action is brought to have the said deed
declared a mortgage, and that the land therein described
be sold, and the proceeds of the sale applied to the pay-
ment of the said sum of $10,733, costs, etc.

The defendants in their answer deny that the deed
was executed to plaintiff for the purposes alleged in the
complaint, and in this connection allege " that prior to
the month of April, 1885, the said R. G. Makin had
contracted a debt to the firm of Makin & Bancroft, of
Liverpool, in England, and that, at the request of the
said R. G. Makin, the defendant Ann S. Ross executed
the said deed to the said plaintiff for the purpose of en-
abling him by means thereof to raise money to dis-
charge the said indebtedness of the said R. G. Makin to
the said firm of Makin & Bancroft."

The defendants also filed a cross-complaint, in which
they allege that " the said plaintiff received the said deed
from said Makin with full notice of the purpose for which
it was to be used, namely, to raise money to enable said
Makin to pay the aforesaid claim secured by said mort-
gage (a mortgage alleged to have been executed by de-
fendant Ann S. Ross to secure the claim of Makin &
Bancroft against R. C. Makin and defendant Ross), and
promised and agreed with the said defendant Ann S.
Ross to use it for that purpose and no other "; and that
the defendant failed to raise any money to pay said claim,
" and redelivered the said deed to the said Makin, who
retained possession thereof until his death."

At the close of the testimony offered by plaintiff, the
defendants moved to dismiss the action, which motion
was granted and a judgment of dismissal entered. The
plaintiff appeals.

The plaintiff was a witness in his own behalf, and

testified that Makin delivered to him the conveyance
referred to in the complaint. He was then asked what
Makin gave him the deed for, and whether he accepted
it as an absolute conveyance; and if he did not, to state
the purpose for which he received it; and at a later stage
of the trial the plaintiff offered to prove what was said
by Makin at the time he delivered it. The defendants
objected to the questions and offer, and their objections
were sustained by the court. It is apparent, and indeed
it is conceded by respondents, that plaintiff sought by
this offered evidence to show, by the declarations of
Makin made at the time, that he delivered the convey-
ance in behalf of defendant Ross for the purposes and
upon the agreement alleged in the complaint. In other
words, the plaintiff sought to show that it was agreed
between himself and Makin that the deed was to be de-
livered to secure the plaintiff against any loss which he
might sustain on account of the bills of exchange he
had drawn in favor of Makin. The rulings of the court
in excluding this evidence present the questions which
are necessary to be noticed in this opinion. There was
no evidence given or offered to show that Makin had
any actual authority from defendant Ross to deliver the
deed to defendant for the purposes alleged in the com-
plaint; and the pleadings upon the part of defendants
do not admit that he had any such authority; these
pleadings only contain the admission that Makin was
authorized to deliver the deed as a mortgage to raise
money to pay a certain named indebtedness, — the
amount of which is not specified,— but which was shown
by the evidence to be about two thousand dollars.

It needs no argument to show that a power to deliver
the deed for such a purpose was not an actual authority
to Makin to enter into any such transaction in behalf of
his principal, the defendant Ross, as that which is al-
leged in the complaint. We do not understand that this
position is seriously controverted by plaintiff, but it is
claimed by him that Makin was clothed with an appar-
ent authority to deliver the deed as a mortgage to secure

the plaintiff for the advances made to Makin. There can be no doubt that if Makin did have conferred upon him such ostensible authority, then the court erred in not permitting the plaintiff to show that such authority was in fact exercised by him. While it is true that the authority of a person to act as agent for another in a particular matter cannot be proven by the declarations of the one assuming to act as such agent, yet when it is once shown that a person has been given an actual or ostensible authority to act for another in a particular matter, any declarations made by such agent at the time of the transaction of the business intrusted or apparently intrusted to him, and relating to such business, is admissible as a part of the *res gestæ*. (2 Wharton on Evidence, secs. 1170, 1173; 1 Greenl. Ev., 15th ed., sec. 113; *Moore* v. *Bettis*, 11 Humph. 67; 53 Am. Dec. 771; *Robinson* v. *Walton*, 58 Mo. 380.) This being so, the real question to be decided here is, whether it was shown that defendant Ross did confer upon Makin the apparent authority to act for her and deliver to plaintiff the deed referred to for the purpose of securing plaintiff against loss by reason of the bills of exchange which he drew in favor of Makin, the plaintiff knowing at the time that such bills were to be used by Makin in his own business.

The defendant Ross never personally made any agreement with the plaintiff for a sale of the land described in the deed, or any personal agreement with him for the delivery of the deed for any purpose, and it is contended that when, under such circumstances, she intrusted to Makin the deed signed by herself, and in which the plaintiff was named as grantee, she conferred upon such agent an ostensible authority to agree upon the terms and conditions upon which it should be delivered, and that she is bound by the agreement under which the deed was in fact delivered by Makin, as plaintiff was without actual knowledge that such agent was making a fraudulent use of the deed. But it seems clear to us that upon the facts stated Makin was not clothed with any ostensi-

ble authority to deliver the deed as a security for a personal loan or advance made to himself; and as plaintiff knew that this was the purpose for which the deed was given to him, he accepted the same at his own peril, and defendant Ross is not bound by such act of Makin, without proof that she actually authorized him to deliver the deed as security for the debt of such agent. This conclusion rests upon these two propositions, either one of which is a complete answer to the contention of plaintiff that defendant Ross is bound by the agreement under which it is claimed that Makin delivered the deed: 1. The *apparent* authority of Makin to act for defendant Ross, arising from his possession of the deed, did not extend further than to empower him to make a sale of the land to plaintiff, to agree with him in good faith upon the price and other terms of the contract of sale, and thereupon to deliver the deed as an absolute conveyance. 2. But if it should be conceded that by intrusting such deed to Makin the defendant Ross gave him as such agent an apparent authority to deliver the same to plaintiff as a mortgage, still such apparent authority in Makin was limited by one of the fundamental principles of the law of agency to the right to deliver it only as a security for some obligation of his principal. In intrusting the deed in question to Makin the defendant Ross did not clothe him with any apparent authority to deliver it except for her benefit, and the plaintiff was not justified, as a matter of ordinary prudence, in presuming that Makin might use the instrument for his own benefit and purpose.

In the case of *Nippel* v. *Hammond*, 4 Col. 211, the agent was authorized by a written power of attorney, " in the name, place, and stead " of the principal, " to sell and convey the premises by warranty deed, or deed of trust, or by deed of mortgage, as he might deem advisable." The agent executed a trust deed of the premises,— mentioned in the power of attorney,— but for the purpose of securing his own individual note. There was nothing in the power which, by express terms, limited the right

of the agent to execute conveyances only for the benefit of the principal, but the court held that such was the only authority conferred, saying: " A general power to encumber real estate, without declaring for whose benefit it may be incurred, will not warrant the attorney in encumbering it for the benefit of himself or any other person. It hence results that the deed of trust was ineffectual to convey Arnold Hofstadt's interest in the premises described therein."

This principle is also illustrated in *Camden Safe Deposit and Trust Co.* v. *Abbott*, 44 N. J. L. 257. That was an action upon a promissory note signed with the defendant's name by Jesse R. Abbott, who acted under the following power of attorney: —

" *Sir*, — This is to certify that J. R. Abbott . . . . is this day appointed with power of attorney, and authorized by me to sign my name to any paper or papers, notes, etc.              T. ABBOTT."

It was shown that the note in suit was executed by the agent for his own personal benefit, and it was held that as its execution was outside of the principal's business, it was unauthorized, and that the plaintiff could not recover without showing that it took the note before maturity for value and without notice.

It follows from these views, that as Makin was not acting within the scope of his apparent authority in delivering the deed for the purposes alleged in the complaint, the court did not err in refusing to admit in evidence his declarations or in excluding evidence of the agreement which he assumed to make with plaintiff at that time.

Judgment and order affirmed.

SHARPSTEIN, J., and McFARLAND, J., concurred.

Hearing in Bank denied.