[Sac. No. 821.    Department One. — September 30, 1901.]

## S. PETTERSON, Appellant, v. STOCKTON AND TUOLUMNE RAILROAD COMPANY, Respondent.

PLEADING — AMENDMENT OF COMPLAINT AT TRIAL — PARTIES — CHANGE OF ACTION — DISCRETION. — The trial court did not abuse its discretion by refusing an application to amend the complaint at the trial, so as to change the action from one against the defendant, to an action against the defendant and another party jointly, which would have been, in effect, another action, and would probably require a trial de novo.

AGENCY FOR CORPORATION — EVIDENCE — DECLARATIONS OF PRESIDENT — AUTHORITY NOT PROVED. — The declarations of an agent are not admissible to prove the agency; and in an action against a corporation for grading done upon a railroad, where one who became president of the corporation testified that she did the work of grading at her own expense, and on her own account, to the knowledge of the plaintiff, evidence of her declaration, to the effect that she, in the name of the corporation, had the work done, is not admissible against the corporation, without proof of her authority to act for the corporation in that behalf.

ID. — BELIEF OF PLAINTIFF AS TO EMPLOYMENT. — The belief of the plaintiff that he was employed by a corporation defendant is immaterial, in the absence of proof of some action on the part of the corporation justifying such belief.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

W. W. Middlecoff, for Appellant.

J. J. Burt, and McNoble & McNoble, for Respondent.

VAN DYKE, J.—This is an appeal from a judgment in favor of the defendant, and also from an order denying plaintiff's motion for a new trial.

The motion for new trial was made upon a bill of exceptions, which is brought up as part of the record on the appeal.

1. The appellant claims that the findings are not supported by the evidence; but an examination of the testimony satisfies the court that the evidence is, although somewhat conflicting, sufficient to support the findings.

2. The appellant also claims the court erred in refusing permission to amend his complaint. The application to amend was made during the trial of the cause, and the amendment would have changed the action from one against the defendant, to an action against the defendant and another party jointly. It would have been, in effect, another action, and most likely a trial de novo. Under the circumstances, we cannot say that the court abused its discretion in denying the motion to amend.

3. In appellant's brief it is alleged that the court erred in rejecting evidence. The action is for balance on account, for work, labor, and services alleged to have been performed by the plaintiff for the defendant, and also by one H. J. Lorentzen for the defendant, who had assigned his claim to the plaintiff before the suit was brought. The alleged labor and services consisted in the grading of a railroad bed or track. The question seems to have been whether such grading was done by Annie Kline Rikert on her own behalf, or by the defendant corporation. As a witness for the plaintiff, she had testified

that the grading of what is known as the Stockton and Tuolumne Railroad Company was done by her; that she undertook it at her own expense, with the intention of afterwards putting in the bills to the company or directors, and she says, "Mr. Petterson knew that I was carrying on the grading on my own account. We discussed that, and he expected to be a partner in the construction company." After the company was organized, it seems she became president of the corporation. On the trial, the court ruled against the plaintiff in attempting to show that Annie Kline Rikert stated that the defendant company was doing the work, and that she, in the name of the corporation, actually had the work done, and also that the plaintiff believed he was employed by the defendant. What she might have said could not bind the company. Agency cannot be proved by the declarations of the agent, and no agency had been shown when the ruling was made. What plaintiff believed, without some action on the part of the corporation justifying such belief, would cut no figure. There are many questions proposed, and rulings of the court, in the same line, and it is not necessary to notice them in detail. They were all attempts to bind the corporation by declarations, without showing that the party making such statements or declarations was authorized by the corporation to act in that behalf. We think the court did not err in the respect noted.

Judgment and order affirmed.

Harrison, J., and Garoutte, J., concurred.

Hearing in Bank denied.