# CHARLESTON.

## GARBER v. BLATCHLEY.

Submitted September 9, 1901.   Decided March 15, 1902.

1. JUSTICE—*Complaint—Account—Items.*

In an action for the recovery of money due on contract before a justice, a complaint in writing in the nature of a declaration in *assumpsit* with the common counts, the last count "also in the sum of two hundred and fifty-six dollars and thirty-six cents as stated in the account of the plaintiff against the defendant, attached to and made part of this complaint," and averring promise and failure to pay, and which account attached is a complete bill of particulars of the items with date and amount of each and showing what the charge was for; with notice that it will be relied upon at the trial; is held sufficient under the statute.   (p. 149).

2. JUSTICE—*New Trial—Discretion.*

Under section 5, chapter 138, a trial court has large discretion in granting new trials conditioned on payment of costs by the moving party and the appellate court will not interfere unless it clearly appears that such discretion has been abused. (p. 149).

3. NEW TRIAL—*Payment of Costs.*

Where a new trial has been granted conditioned on payment of costs, the appellate court will not entertain an assignment of error on that ground, unless an exception was taken to the ruling of the court so granting it.   (p. 150).

4. JUDGMENT—*Pendente Lite Purchaser.*

The *pendente lite* purchaser of a judgment rendered by a justice may continue to prosecute the claim in the circuit court in the name of his assignor, the plaintiff, when appealed to that court by the defendant.   (p. 154).

5. AUTHORITIES—*Cited and Approved.*

Syl. 8, *Hefflebower* v. *Detrick*, 27 W. Va. 16, Syl. pt. 3; *Trust Co.* v. *McClellan*, 40 W. Va. 405 and Syl. 3, *Dewing* v. *Hutton*, 37 S. E. 670 approved.   (p. 155).

51 147
52 654

51 147
e53 11

51 147
60 655

51 147
65 404
f65 501

6. AGENT—*Declarations—Acts—Evidence.*

> Neither the declarations nor the acts of a man can be given in evidence to prove that he is the agent of another, yet he is competent as a witness on the question of his agency. (p. 156).

Error to Circuit Court, Barbour County.

Action by John Garber against C. G. Blatchley. Judgment for plaintiff. Defendant brings error.

*Reversed.*

J. HOP. WOODS, for appellant.

ICE & ICE, for appellee.

MCWHORTER, JUDGE:

On the 11th day of January, 1897, John Garber brought his action for recovery of money due on contract before a justice of Barbour County against C. G. Blatchley and ten others returnable on the 16th day of January, 1897. On the hearing of the cause on the 16th of January the action was dismissed as to all the defendants except C. G. Blatchley upon the admission of plaintiff that they were not liable to him. A judgment was rendered against C. G. Blatchley in favor of plaintiff for two hundred and fifty-six dollars and thirty-six cents, from which judgment the said Blatchley appealed to the circuit court of Barbour County. On the 7th day of June, 1898, on motion of the defendant, Blatchley, plaintiff was required to file his complaint in writing, which was afterwards done, to which complaint the appellant objected as being insufficient but the objection was overruled and the appellant filed his answer thereto, a jury was impaneled and sworn in the cause and after hearing the evidence and arguments of counsel returned a verdict for plaintiff for the sum of two hundred and fifty-six dollars and thirty-six cents. It seems that in the course of the trial exceptions were taken to the rulings of the court and by affidavits filed upon motion to set aside the verdict. The stenographer's notes of evidence were burned by mistake of an employee in the hotel before the same were typewritten and the motion of appellant to set aside the verdict was sustained and the verdict set aside and a new trial granted. On the 6th day of November, 1899, another jury was impaneled and having heard the evidence and not being able to agree upon a verdict were dis-

charged. Again on the 18th day of February, 1901, another jury was impaneled and having heard the evidence returned a verdict for plaintiff for the same amount as found before. The defendant moved to set aside the verdict, which motion was overruled and judgment rendered thereon. The defendant took five several bills of exceptions and obtained his writ of error to said judgment and assigned six several causes of error; *first*, that it was error for the court to overrule the exception of plaintiff in error to the sufficiency and the filing of plaintiff's complaint as set out in the order entered at the February term, 1899.

An examination of the complaint filed will show that it is in fact a declaration in *assumpsit* with the common counts such as would be filed in the circuit court and would be sufficient on demurrer, and accompanying such complaint an itemized account was filed showing every item claimed and for what charged and giving various credits to which plaintiff admitted the defendant was entitled, and showing a balance of two hundred and fifty-six dollars and thirty-six cents due the plaintiff with notice attached thereto that upon the trial the plaintiff would rely upon proof of said account. The exception thereto was "because it is not in compliance with the statute and states no facts constituting the plaintiff's claim." With the exception of four items of a few cents each and two items for railroad tickets three dollars and fifty-five cents each, the whole account is made up of days work running from August 26th to December 4th inclusive; the date of each day's work and how used was given with particularity in said account and the said four small items each shows for what it was paid out by plaintiff. The plaintiff's counsel cites *Riley* v. *Jarvis,* 43 W. Va. 43, in support of this assignment. That was an action in the circuit court and it is held that the *allegata* and *probata* must correspond, and where there is no count in a declaration on the cause of action shown by the evidence it is a variance and there can be no recovery; and it is further held that a bill of particulars filed with a declaration in an action of *assumpsit* under section 11, chapter 125, Code, is no part of the declaration and there can be no plea to it. In case at bar one count is for indebtedness "in the sum of two hundred and fifty-six dollars and thirty-six cents, as stated in the account of plaintiff against the defendant attached to and

made part of this complaint." If this complaint and bill of particulars is not sufficient then pleading before a justice becomes more technical and difficult, than pleading in the circuit court.

The second assignment that "It was error for the court to give and read to the jury the three instructions asked for by appellee as set out and excepted to in appellant's bill of exceptions No. 2 in said action." The instructions referred to in bill of exceptions are as follows: "No. 1. The Court instructs the jury that if they believe from the evidence that the plaintiff was employed by the defendant to continue the drilling of the oil well in question after R. C. Coulter had ceased to drill at said oil well, and that the plaintiff was never discharged by the said defendant or his agent, then the jury should find for the plaintiff. No. 2. The court instructs the jury that the question of the agency of M. M. Hoff for the defendant, C. G. Blatchley, with reference to the matters in controversy as set out in the plaintiff's account filed in this case, is a question for the jury, and if they believe from the evidence that said Hoff was the agent or manager for the said defendant in respect to the drilling and work done on the well in question by the plaintiff, then the acts, contracts and declarations of the said agent with reference to said work are the acts, contracts and declarations of the defendant, C. G. Blatchley, and the jury should find for the plaintiff. No. 3. The court instructs the jury that if they believe from the evidence that the plaintiff was employed by the defendant to do the work charged for in the account, and was not discharged from his employment by the defendant, or that M. M. Hoff was acting as the agent of the defendant in having the plaintiff continue to perform the work and labor of drilling and working on the well in question after the 26th of August, 1896, then in that event the defendant is liable for the work and labor done by the plaintiff on said well, and the jury should find for the plaintiff." It is claimed the first instruction is bad and misleading because it was not necessary for appellant to discharge appellee under his employment after Coulter had ceased to drill at the oil well if appellee knew that his employment was to cease after taking out the sand pump mentioned and cleaning out the well. It appears from Garber's own testimony that he and Blatchley and Coulter had an interview at Dr. Hoff's residence in Phillippi; that Blatchley wanted Coulter to clean

out the well, an old sand pump had been discovered in it, that he wanted the hole cleaned out and wanted to be notified when it was done and said: "I want to come up and see you drill and run the tools and pump the bottom out so I can see what it is." Mr. Coulter said: "I want to go away and there is a little bit of gas and it is difficult to do this kind of fishing, Mr. Garber is fully competent," in fact better, he thought, than himself. "And Mr. Blatchley asked me if I would remain and complete the work—take the bottom out so he could see the bottom of the hole. I told him I would and he asked Mr. Coulter if he could send down the necessary fishing tools to take out this piece of iron. Mr. Coulter said he could. The next day, I think it was, I received the tools and I proceeded to take out this sand pump and iron, which took several days to get out. It was badly broken up and mashed. It was difficult to get out but I did finally get it out about the 25th of August—25th I believe it was—but before I went to work I asked Mr. Blatchley in whose charge I would be, to whom I was to report, and who was to furnish me the supplies, such as fishing tools. He said Dr. Hoff would attend to that for him and for me to report to Dr. Hoff. So when I got the well cleaned out to the bottom I did report to Dr. Hoff the condition of affairs and I think wrote to Mr. Blatchley, but I am not positive about that, but at any rate I reported to Dr. Hoff who came to the well on about the 26th day of August, 1896, and wanted the well measured up. We went at it and measured up the well. Then he read to me from a letter purporting to be a letter from Mr. C. G. Blatchley stating he couldn't come up but to go on ahead and drill still further." This was objected to, objection overruled and exception taken. Witness further stated that the letter was on a letter head of Mr. Blatchley with a picture of his business building or something of that kind, but that witness did not read the letter himself. According to plaintiff's testimony his employment was to do this specific work, which he claims was completed on the 25th of August and that Hoff's agency at the time was to extend only to the completion of that work. Before proceeding further with the work under Hoff as agent after the well was cleaned out on the 25th of August, the work he was employed to do by Blatchley, it was his duty to ascertain the authority of Hoff to go further with the work at the expense of the defendant, Blatchley. The exception taken to the statement of the

witness, Garber, that Hoff "read to me from a letter purporting to be a letter from Mr. C. G. Blatchley stating that he couldn't come up but to go on ahead and drill still further," was well taken and the objection should have been sustained. On the 25th of August, 1896, Garber wrote Blatchley "I took the pump out of the well today, will bail out the hole and measure the well tomorrow," and on the 1st day of September, 1896, he again wrote Blatchley "Enclosed.I send you itemized statement of my work on Philippi well up to and including August 25th. After that time, by direction of Dr. Hoff, I charged the time to him." The itemized account showing his work up to August 25th and a balance on the account is also in evidence as well as the receipt dated September 15, 1896, "Received from Charles G. Blatchley, one hundred and thirty-five dollars and five cents, in full of all account to date for work on well. Signed J. Garber," which was paid by check of defendant Blatchley. It will be noted that plaintiff in his evidence says: "Mr. Blatchley asked me if I would remain and complete the work—take the bottom out so he could see the bottom of the hole. I told him I would." It would appear from the evidence and circumstances of the case except only from the letter which was inadmissible that Garber was only employed to do the work which was completed on the 24th or 25th of August and that his employment ceased at that time. This being true, instruction No. 1 was improper and should not have been given. The second instruction while correct in so far as it referred to the agency of Hoff and that if it was sufficiently shown that he was defendant's agent that his acts, contracts and declarations with reference to said work became the acts, contracts and declarations of defendant, but the instruction went further and said if these things appeared the jury should find for the plaintiff without instructing that they must also believe from the evidence that the plaintiff had established his account and claim. The agency might be perfectly proved and the proof wholly fail on the account, hence, the fact alone of the agency would not entitle the plaintiff to recover. It is a notable fact that although Mr. Garber was recalled to the witness stand, after the introduction as evidence of his letter to Blatchley, dated September 1, 1896, stating that after August 25th by direction of Dr. Hoff he charged the time to him, he says nothing in explanation of that statement nor does he make any explanation or account in any way for his

receipt dated September 15th for the one hundred and thirty-five dollars and five cents "in full of all account to date for work on well." Under the evidence of plaintiff as set forth he doesn't claim that he was employed by the defendant in person to proceed with the work. It is claimed by plaintiff (defendant in error) that defendant admits that he did not notify plaintiff to quit work at that time, which is true but no notice was necessary when according to his own statement he was only employed to clean out the well and when that was done he was to report the fact, which he did stating that after that time he was charging his time to Dr. Hoff by his direction. The plaintiff was not entitled to have the instruction No. 3 given to the jury.

The third assignment that it was error to refuse to give and read to the jury the two instructions Nos. 2 and 3 asked for by the defendant as set out in his bill of exceptions No. 3, which instructions are as follows: "No. 2. The court instructs the jury that if they believe from the evidence that the plaintiff, John Garber, had assigned away his cause of action in this case after the trial thereof before the justice, and is not now the owner thereof, he cannot prosecute this appeal in his own name as John Garber, but only in the name of his assignee, or in his own name for the use of his assignee, and recover in this suit, no matter how the facts as to the liability of the defendant, C. G. Blatchley, for the account sued on, or any part thereof, may be. No. 3. The court instructs the jury that if they believe from the evidence that the plaintiff, John Garber, relies in this case upon proof of his claim that Dr. M. M. Hoff was the agent of the defendant, C. G. Blatchley, in the employment of plaintiff on and after the 26th day of August, 1896, upon which his account herein sued for is based, it was the duty of Garber to produce the said Hoff as a witness in his behalf, if the said Hoff is within the jurisdiction of this court, and that his failure to produce him is in law conclusive proof that his evidence would have been against him if produced." It was shown in the evidence that the plaintiff, Garber, on the 16th of January, 1897, the date of the judgment rendered by the justice in favor of the plaintiff, assigned the same to one, W. T. Ice, of which defendant was notified and the written notice thereof put in evidence by the defendant. The assignment was made after the judgment was rendered. It was the rule at common law that a chose in action was not assignable. It is provided in section

14, chapter 99, Code, that "The assignee of any bond, note, account, or writing, not negotiable, may maintain thereupon any action in his own name, without the addition of 'assignee,' which the original obligee or payee might have brought; but shall allow all just discounts," etc. This, according to the authorities, carries the equitable right of the assignor. In *Garland* v. *Richeson,* 2 Randolph 266, it is held: "If the equitable title only passes, then the assignee may sue in the name of the assignor as at common law upon the legal title remaining in the assignor, or in his own name by virtue of the statute on his equitable right; the statute upon this construction giving a new remedy without abolishing the old." *Clark* v. *Hogeman,* 13 W. Va. 718. The assignee of this claim was a *pendente lite* purchaser. In *Wick* v. *Dawson,* 37 S. E. 639, it is held: "It is not necessary to make a *pendente lite* purchaser a formal party to a suit. If such purchaser has any just grounds of defense thereto, he can make himself a party and bring it to the attention of the court." *O'Connor* v. *O'Connor,* 45 W. Va. 354; *Shumate* v. *Crockett,* 43 W. Va. 491; *Bilmyre* v. *Sherman,* 23 W. Va. 656; *Linsey* v. *McGanon,* 9 W. Va. 154; *Harmon* v. *Byram,* 11 W. Va. 511; *Lynch* v. *Andrews,* 25 W. Va. 751. And in *Whitteker* v. *Gas Co.,* 16 W. Va. 717, it is held to be well settled that when a chose in action such as a bond, note, or accepted order on a third person is transferred and delivered to a creditor as collateral security for a debt, it is the right of the debtor to sue upon such chose in action at law and if necessary to use the name of the legal owner of such chose in action. Hogg's Pl. & Forms, page 13 s. 16. Defendant cites *Keyser* v. *Renner,* 87 Va. 249. This was a suit brought by Renner's administrator to enforce a deed of trust which it appeared had been lawfully assigned before suit was brought and plaintiff had no interest in the matter when he brought his suit, consequently, it was dismissed. He also cites *Campbell* v. *Shipman Id.* 655; this was also a case where the plaintiff brought his suit and had no interest in the subject matter. In *Clark* v. *Hogeman,* cited, it is held that the assignee of a note or draft only acquires an equitable title which under the statute he may assert at law in his own name or in that of the origanal payee for his benefit and the record need not show that the suit is for the benefit of the assignee.

The second instruction was properly refused. The third in-

struction is based upon the theory that plaintiff, if employed at all to do any work at the well after the same was cleaned out, the 25th of August, that he was so employed by Hoff as the agent of defendant and this is true according to the evidence. He was employed to proceed with the work of cleaning out the well and as stated by plaintiff himself in his testimony that Mr. Blatchley asked him if he would remain and complete the work—take the bottom out so he could see the bottom of the hole, clearly according to his own testimony that was the work to be completed. If he did work after that at the well it was at the employment of Hoff, whether for himself or as agent for Blatchley was a question for the jury under the evidence. It appears that Hoff lived in the town of Philippi where the trial was had and there was no one knew better of his agency than he himself, if such fact existed. Why he was not produced as a witness to prove this agency the plaintiff might be able to explain but not having done so the legal presumption is that his evidence, if produced, would have been against him. "Where the burden is on a party to a suit to prove a material fact in issue, the failure, without excuse, to produce an important and necessary witness to such fact raises the conclusive presumption that such witness's testimony if introduced would be adverse to the pretentions of such party." *Trust Co.* v. *McClellan,* 40 W. Va. 405; *Hefflebower* v. *Detrick,* 27 W. Va. 16; *Dewing* v. *Hutton,* 37 S. E. 670; *Railway Co.* v. *Bernstein,* (Ga.) 38 S. E. 394. Under the circumstances of this case the defendant was entitled to the benefit of the presumption raised as to what the evidence of Hoff would have been if introduced as a witness, especially as plaintiff offers no excuse or explanation of his failure to produce him, and the instruction should have been given.

As to the fourth assignment: "It was error for the court to permit appellee to introduce and have read to the jury as evidence in his behalf the agreement, letters, note, memorandum of time of labor of appellee and the pencil endorsement thereon, as set out and excepted to in appellant's bill of exceptions No. 4 in said action." The matters set out in bill of exceptions No. 4 objected to and permitted to go to the jury were the agreement of the 17th of June, 1895, between Kittle, Scott and Holt of the first part and Charles G. Blatchley of the second part, under which the said Blatchley was to bore for oil and test the territory; also two letters from M. M. Hoff to Garber, one dated

September 25, 1896, the other without date; also the account
of John Garber's time on the well, kept by Frank Scott, from
August 26th to December 4th giving the days and hours of
service, which was endorsed in pencil "The above account is cor-
rect time" and signed, M. M. Hoff. It is difficult to see how the
contract of the 17th of June even could be material in evidence
in this case, and yet it was the basis of the defendant's actions
in relation to the work at the oil well and perhaps was proper
to be admitted in evidence and could not be prejudicial to the
defendant. The letters of M. M. Hoff and the statement of
Garber's time at the well endorsed by Hoff could have been only
introduced for the purpose of proving the agency of Hoff. In
*Poore* v. *Magruder,* 24 Grat. 197, it is held that "Neither the
declarations of a man nor his acts can be given in evidence to
prove that he is the agent of another." The same is held in
*Rosendorf* v. *Poling,* 37 S. E. 555.

The fifth assignment is that the court erred in permitting
appellee to introduce and have heard by the jury as evidence in
his behalf the testimony of himself and other witnesses for the
purpose for which the same was admitted, as set out in bill of
exceptions No. 5 and stated in said bill of exceptions as fol-
lows: "Upon the trial of this action appellee himself and other
witnesses introduced upon his behalf in order to sustain the
issue upon his part, testified to the jury, as set out in appellant's
bill of exceptions No. 1, which is now here referred to and made
part hereof, to certain numerous declarations and acts of one
M. M. Hoff, for the purpose of proving or tending to prove that
said Hoff was the agent of appellant in the employment of ap-
pellee in respect to the labor and material sued for in his ac-
count in this action on and after the 25th day of August, 1896."
Several exceptions were noted in the taking of the evidence to
the rulings of the court in admitting the acts and declarations
of Hoff for the purpose of proving or tending to prove his
agency, some of which are noted in the bill of exceptions No. 4,
and one of which I noticed hereinbefore, and the court by its
said bill of exceptions No. 5 says such declarations and acts of
Hoff were admitted over objections of defendant for the pur-
pose of proving or tending to prove that said Hoff was the agent
of defendant in the employment of plaintiff in respect to the
labor and material sued for on and after August 25, 1896.
The Court will presume that defendant was prejudiced by the

improper admission of such testimony unless it affirmatively appears from the record in point of fact that he could not have been so prejudiced.  *Hall* v. *Lyons,* 29 W. Va. 410 (Syl. pt. 2) ; *Abel* v. *Jarratt,* 28 S. E. 453 (Ga.) ; *Deitz* v. *Ins. Co.,* 33 W. Va. 526.

It will be seen from what has been said in relation to the fourth and fifth assignments of error that the sixth assignment, that the court erred in refusing to set aside the verdict of the jury and grant a new trial, for the reasons set out, assigned and excepted to in bill of exceptions No. 1, certifying the evidence, is well taken.

Under defendant's seventh assignment, "Other errors apparent upon the face of said record to be hereafter assigned in argument," he says that under the order of March 1, 1899, the setting aside of the verdict and granting the new trial should not have been conditioned for the payment of costs by the defendant, that the circumstances were such as to entitle him to the new trial without conditions; but it does not appear from the record that he objected or excepted to the ruling of the court in granting said new trial; besides, the court exercised its discretion given it under section 5, chapter 138, Code.  For the reasons herein stated the judgment is reversed, the verdict set aside and the cause remanded for a new trial.

*Reversed.*