[Sac. No. 1845. In Bank.—May 11, 1911.]

C. S. KAST, Respondent, v. MILLER & LUX (a Corporation)', Appellant.

AGENCY—ATTORNEY-AT-LAW—EMPLOYMENT OF DETECTIVE TO OBTAIN EVIDENCE IN CRIMINAL PROSECUTION.—An attorney employed by a person whose property had been stolen, to assist the district attorney in the prosecution of several cases against the alleged thieves, with authority to take such measures as he deemed expedient, had power

to bind his client by the employment of a detective to seek and obtain evidence in furtherance of the prosecution.

ID.—Scope of Attorney's Authority—Payment under Contract of Employment.—As bearing on the question whether the employment of the detective came within the authority of the attorney, the jury were entitled to consider the facts that both the attorney and the business agent of the defendant paid the detective under his contract of employment, and that the payment made by the attorney was refunded to him by the agent of the defendant.

ID.—Establishment of Agency—Testimony of Agent.—The fact of agency, when it rests in parol, may be established by the testimony of the agent himself. His testimony is admissible and competent to prove the agency, and the nature and scope of his authority, and to bind his principal thereby. On the other hand, extra-judicial statements or declarations *in pais* of one assuming to act as agent are inadmissible and incompetent to establish the fact of agency.

APPEAL from a judgment of the Superior Court of Madera County. W. M. Conley, Judge.

The facts are stated in the opinion of the court.

F. A. Fee, for Appellant.

Robert L. Hargrove, and George W. Mordecai, Jr., for Respondent.

LORIGAN, J.—In an action brought by plaintiff for personal services rendered defendant and for money expended at its special instance and request, a verdict for plaintiff was rendered and from the judgment entered thereon defendant appeals on a bill of exceptions.

Certain cases were being prosecuted in Madera County for the alleged larceny of horses belonging to the defendant Miller & Lux, and that corporation retained Judge Ostrander as an attorney to assist the district attorney of Madera County in the prosecution of these larceny cases. In April, 1908, Judge Ostrander engaged the plaintiff as a detective to gather evidence in behalf of the prosecution in the cases referred to and to report the results of his efforts to other special counsel likewise employed by Miller & Lux in such cases. The agreement of Ostrander with plaintiff was to pay the latter five dollars per day and necessary incidental expenses, and to further pay him the sum of two hundred and fifty dollars for each convic-

tion secured. The business agent of the defendant—one Shannon—was present when this agreement was made by Ostrander with the plaintiff, though he took no part in making the contract.

No claim was made in the answer of defendant that plaintiff had not performed the services for which suit was brought, the defense being that he had not been employed by defendant or by any one authorized by it to make the contract with him upon which he sued.

In support of his claim that Judge Ostrander was empowered to make the contract of employment plaintiff called Judge Ostrander himself as a witness, who testified: "I was employed by Henry Miller in person in connection with these grand larceny cases. I knew that he was president and manager of the corporation. . . . As attorney my duties were to take such measures as I deemed expedient for the purpose of legitimately assuming the prosecution of the case."

It was further shown that Judge Ostrander paid the plaintiff twenty dollars on account of his employment for which the business agent of the defendant—Shannon—reimbursed him, and that Shannon himself paid plaintiff on account of such employment the further sum of fifty-five dollars. It also appeared in the evidence that about the time the contract was made by Ostrander with plaintiff an effort was made by the former to have the employment of plaintiff nominally made by the district attorney of the county of Madera, the services of plaintiff to be paid by Miller & Lux; this employment was suggested to avoid criticism or attack on the plaintiff before the jury as a detective in the special employment of Miller & Lux. In addition to this there was testimony brought out during the presentation of the case of plaintiff tending to show that the only authority given to Ostrander by defendant to employ anybody was limited to the employment of a shorthand reporter.

This was practically all the evidence bearing on the authority of Ostrander as agent of Miller & Lux to make the contract with plaintiff and bind the corporation thereby. No evidence at all was offered on behalf of the defendant, it resting its case on the evidence offered by plaintiff.

One of the principal points made by appellant is that the evidence was insufficient to warrant the jury in finding (as

they necessarily did by their verdict against defendant) that Ostrander was authorized by defendant to employ the plaintiff, it being insisted that as the evidence showed that Ostrander was simply employed as an attorney for defendant, his power was limited by section 283 of the Code of Civil Procedure, which provides that an attorney can only bind his client in any steps of an action by his agreement filed with the clerk or entered in the minutes of the court *and not otherwise,* and that in order to bind the defendant by contract it was essential for plaintiff to show direct authority conferred on Ostrander to do so, and such authority does not exist where the evidence merely shows the relationship of attorney and client.

But from Judge Ostrander's statement of the purpose of his employment in these cases, and of the authority conferred on him by defendant and his conduct in the matter, we are satisfied that the jury had a right to conclude that such authority embraced the power to employ the plaintiff as a detective. Ostrander's position was something more than that of an attorney representing his client in a single suit in court. He was employed to assist in the prosecution of several criminal cases in which the defendant was interested with a view to securing the conviction of the offenders, and he was invested with authority to take such measures as he deemed expedient "in assuming the prosecution" of these criminal cases. This involved something more than appearing in court as an assistant to the district attorney. It involved on behalf of his clients the taking of all legitimate and proper measures to make the prosecution successful, including among others, the employment of a detective to seek and obtain evidence, interview witnesses, and take their statements, so that full presentation of the case of the prosecution might be made on the trial. It must, of course, be conceded that the employment of the detective for such a purpose is legitimate, proper, and expedient, and the jury were warranted in finding that under the general discretionary power vested in Ostrander to take such means as he deemed expedient, he had authority to employ the plaintiff as a detective as a measure of expediency.

As bearing, too, on the question whether the employment of plaintiff came within the scope of the authority conferred by defendant on Ostrander according to the latter's statement of

the authority conferred on him, is the circumstance that both Ostrander and the business agent of defendant—Shannon—paid plaintiff money under his contract of employment, the payment made by Ostrander being refunded to him by the agent of defendant. It is hardly probable that Ostrander or Shannon would make payment to the plaintiff out of their own funds. On the contrary, the circumstances surrounding the payment would warrant the jury in inferring that they were made from the funds of the defendant. It is to be observed also that while an unsuccessful effort was made on the cross-examination of the witnesses of plaintiff to show that the contract employing plaintiff was entered into at the suggestion of Ostrander with the county of Madera, the payment for the services of plaintiff to be made by Miller & Lux, still the fact that this effort was made by Ostrander to have Madera County contract and Miller & Lux pay, was likewise a circumstance bearing on the claim of plaintiff that authority was conferred on Ostrander in his employment as attorney to bind Miller & Lux in the employment of a detective. Of course, these are not controlling circumstances, but they were proper to be taken into consideration by the jury in determining what in fact was the extent of Ostrander's authority under his own statement of it and illustrated by his conduct.

In this view there was certainly evidence presented by plaintiff tending to support his claim of the agency of Ostrander and its sufficiency was a matter for the jury.

Aside from this point of the insufficiency of the evidence to sustain the verdict the appellant insists that the court erred in the admission of testimony. As far as this claim involves the proposition that the testimony of Ostrander himself was inadmissible to prove the fact of plaintiff's agency it is untenable.

The rule is well established that the fact of agency when it rests in parol may be established on the trial by the testimony of the agent himself. His testimony is admissible and competent to prove the agency and the nature and scope of his authority and to bind his principal thereby. This is the general, and it may be said, the universal rule. (Mechem on Agency, sec. 101; *Parker* v. *Pond,* 121 Ala. 529, [25 South. 898] ; *O'Leary* v. *German A. Ins. Co.,* 100 Iowa 390, [69 N. W. 686] ; *Brown* v. *Cone,* 80 App. Div. 413, [81 N. Y. Supp. 89] ;

*Lawall* v. *Gorman,* 180 Pa. St. 532, [57 Am. St. Rep. 662, 37 Atl. 98] ; *Garber* v. *Blatchley,* 51 W. Va. 147, [42 S. E. 222] ; *New Home S. M. Co.* v. *Seago,* 128 N. C. 158, [38 S. E. 805] ; *Union Hosiery Co.* v. *Hodgson,* 72 N. H. 427, [57 Atl. 384] ; *Nostrum* v. *Halliday,* 39 Neb. 829, [58 N. W. 429], and a host of other authorities that might be cited.)

It follows therefore that the testimony of Ostrander given on the trial upon the matter of his authority was properly admitted.

While the rule is well established that the testimony of an agent sworn as a witness in a case when the question of his agency is involved is competent to establish it and its extent and nature, as any other witness, it is equally well established that extra-judicial statements or declarations *in pais* of one assuming to act as agent are inadmissible and incompetent to establish the fact of agency. To this proposition it is only necessary to cite our own authorities on the subject. (*People* v. *Dye,* 75 Cal. 108, [16 Pac. 537] ; *Hubback* v. *Ross,* 96 Cal. 426, [31 Pac. 353] ; *Bergtholdt* v. *Porter Bros.,* 114 Cal. 681, [46 Pac. 738] ; *Ferris* v. *Baker,* 127 Cal. 520, [59 Pac. 937] ; *Petterson* v. *Stockton etc. Co.,* 134 Cal. 244, [66 Pac. 304].)

It is claimed by appellant that this latter rule was violated in the admission of certain testimony. The only testimony to which it is claimed it could apply (because the other testimony of plaintiff the admission of which is complained of in the briefs of appellant appears to have been stricken out by the court on motion of appellant) is the statement of plaintiff that "Mr. Ostrander and Mr. Larew both told me the night they hired me that Mr. Ostrander had hired Mr. Fee and Mr. Larew and whatever evidence I gathered to show it to them. Those were the instructions." Judge Ostrander lived in Merced County. Mr. Larew and Mr. Fee were attorneys at law, the former residing in Madera County where the prosecutions were pending and where plaintiff also resided. This testimony as far as it relates to the instructions given by Ostrander to plaintiff that he report the result of his investigations to Larew and Fee is open to no objection. In fact, as far as Larew is concerned, the witness had previously testified to the same effect without objection. But assuming that the rule invoked by appellant was violated in permitting the witness to testify to the further statement of Ostrander that

he had employed these persons to whom plaintiff was to report, we do not think that the error was of such a prejudicial character as to warrant a reversal of the cause.

There is nothing further presented on the appeal requiring consideration.

The judgment is affirmed.

Angellotti, J., Shaw, J., Melvin, J., Sloss, J., and Henshaw, J., concurred.