[Sac. No. 81.    Department One.—January 30, 1896.]

## J. H. POPE, RESPONDENT, *v.* J. K. ARMSBY CO., A CORPORATION, APPELLANT.

SALES—PURCHASE OF FRUIT—AGENCY FOR CORPORATION—RATIFICATION— ESTOPPEL.—Where fruit was purchased in the name of an incorporated company by one assuming to act as its agent, and who signed a contract therefor in its name, and the vendor addressed a letter to the company in reference to the purchase, requesting to know if the purchaser was their agent and if the contract was correct, and was informed by the managing agent that the purchase was made on their advice, but they were not aware that it was made in their name, but that they would handle the fruit, and that the writer would visit the vendor's section in a week or two, and arrange the matter satisfactorily with him then, and such managing agent did within a few days thereafter visit the neighborhood where the vendor lived, but said nothing to him, and allowed him to act upon the contract by delivering the fruit thereunder, without repudiating it, the facts sufficiently show a ratification of the contract by the corporation; and the corporation became estopped from denying the contract, or the effect of the assurances of its managing agent, which induced the vendor to deliver the fruit under what he had a right to believe was a valid contract.

ID.—RATIFICATION MAY BE IMPLIED.—It is not necessary that the ratification of a contract should be in express terms in order to bind the principal; but it is sufficient if it is fairly inferable from the words or conduct of the principal, and like the act of conferring an antecedent authority, ratification may be either express or implied.

ID.—KNOWLEDGE OF DETAILS OF PURCHASE—DUTY OF PRINCIPAL TO MAKE INQUIRY—NEGLIGENCE.—A principal who is informed of a written contract of purchase, made in his name by one assuming to act as his agent, and who is requested by the vendor to state whether the agent had authority to make it, and whether the contract is correct, is put upon inquiry as to the terms of the contract; and it is negligence for him not to take the precaution to obtain a copy of it from the vendor, before giving him assurance that it could be carried out, and in such case he cannot plead want of knowledge of the details of the contract to prevent the effect of a ratification implied from such assurance.

ID.—ESTOPPEL IN PAIS—INDUCING CHANGE OF POSITION.—An estoppel *in pais* is a right arising from acts, admissions, or conduct which have induced a changed position in accordance with the real or apparent intention of the party against whom it is alleged; and where a person by word or conduct induces another to act on a belief in the existence of a certain state of facts, he will be estopped as against him to allege a different state of facts.

APPEAL from a judgment of the Superior Court of Colusa County, and from an order denying a new trial. E. A. BRIDGFORD, Judge.

The facts are stated in the opinion of the court.

*Daniel Titus,* for Appellant.

An oral authorization is sufficient for any purpose, except that an authority to enter into a contract required by law to be in writing, can only be given by an instrument in writing. (Civ. Code, sec. 2309; *Alta Silver Min. Co.* v. *Alta Placer Min. Co.,* 78 Cal. 632.) The acts giving color of authority to the supposed agent must be known to the person who dealt with him, and must induce a belief in the mind of such person that the authority exists. (*Harris* v. *San Diego Flume Co.,* 87 Cal. 526.) Ratification of an unauthorized act of an agent can only be made after full knowledge of what has been done, and of all the terms of the contract claimed to have been ratified. (Civ. Code, secs. 2310, 2314; *Field* v. *Small,* 17 Col. 386; *Davidson* v. *Dallas,* 8 Cal. 227; *Puget Sound Lumber Co.* v. *Krug,* 89 Cal. 237; *Blen* v. *Bear River etc. Co.,* 20 Cal. 603; 81 Am. Dec. 132; *Meux* v. *Hogue,* 91 Cal. 442.)

*H. M. Albery,* for Respondent.

An agency may be created and an authority may be conferred by a precedent authorization or a subsequent ratification. (Civ. Code, sec. 2307.) Ostensible agency may be conferred by the recognition of a single act of the agent. (*Quinn* v. *Dresbach,* 75 Cal. 162; 7 Am. St. Rep. 138; *Wilcox* v. *Chicago etc. R. R. Co.,* 24 Minn. 269.) Ratification of part of an indivisible transaction is a ratification of the whole. (Civ. Code, sec. 2309–11.) Ratification is equivalent to original authority. (*Ralphs* v. *Hensler,* 97 Cal. 301.) Agency may be expressed or implied, and may be shown by the circumstances surrounding the parties. (Story on Agency, 9th ed., secs. 87, 95, 106, 260; Wharton on Agency, secs. 44, 121, 126; 1 Am. & Eng. Ency. of Law, 340, 345; *Burnett* v. *Fisher,* 57 Cal. 152; *Puget Sound Lumber Co.* v. *Krug,* 89 Cal. 237.) This doctrine is alike applicable to ratification. (Meacham on Agency, secs. 146, 157, 160; Story on

Agency, secs. 253, 255–57; Wharton on Agency, secs.
86–87; *Burnett* v. *Fisher, supra; Puget Sound Lumber Co.*
v. *Krug, supra; Quinn* v. *Dresbach, supra; Ralphs* v.
*Hensler, supra; Pitts* v. *Shubert,* 11 La. 286; 30 Am.
Dec. 719, note; *Ward* v. *Williams,* 26 Ill. 447; 79 Am.
Dec. 387, note; *Hitchcock* v. *Griffin,* 99 Mich. 447; 41
Am. St. Rep. 624; *Cooper* v. *Schwartz,* 40 Wis. 54; *Save-
land* v. *Green,* 40 Wis. 431; *Blakely* v. *Graham,* 111 Mass.
8.)    Implied agency and ratification arises from the
acts and conduct of the principal and involves the ap-
plication of the doctrine of estoppel *in pais,* and is gen-
erally a question of fact for the court or jury. (Story
on Agency, sec. 253; Civ. Code, Deering's ed., sec. 2317,
note; Wharton on Agency, sec. 87; 1 Am. & Eng. Ency.
of Law, 540, and cases cited; *Savings Fund Soc.* v. *Sav-
ings Bank,* 78 Am. Dec. 393.)    Acquiescence or silence
on the part of the principal is sufficient to bind the
principal for the unauthorized acts of the agent. (*Ralphs*
v. *Hensler, supra; Ward* v. *Williams, supra; Pitts* v.
*Shubert, supra; Union Gold Min. Co.* v. *Rocky Mountains
Nat. Bank,* 2 Col. 248–49. See note to *Ward* v. *Wil-
liams, supra; Ralphs* v. *Hensler, supra.*)    If the defend-
ant intended to disavow the sale, it ought to have done
so immediately on being notified that the contract was
made in its name. (*Pitts* v. *Shubert, supra.*)    It was neg-
ligence in defendant to allow plaintiff to act under the
belief that Willis was his agent.    Defendant was charge-
able with knowing that Willis continued to act in some
way in the matter. (*Quinn* v. *Dresbach, supra.*)    The
general rule is that when a person by word or conduct
induces another to act on a belief in the existence of a
certain state of facts he will be estopped as against him
to allege a different state of facts. (*Dolbeer* v. *Livingston,*
100 Cal. 621; *Scott* v. *Jackson,* 89 Cal. 262; *Ralphs* v.
*Hensler,* 97 Cal. 303.)

VAN FLEET, J.—Action to recover a balance due upon
a contract for the purchase of fruit, alleged to have
been made by defendant with the plaintiff. Plaintiff

CXI. CAL.—11

had judgment, and the defendant appeals therefrom and from an order denying a new trial.

The only question involved is whether the evidence sustains the finding that defendant made the contract sued upon; and this question depends upon whether one F. W. Willis, who made the contract with plaintiff in the name of defendant, was the agent of the latter for the purpose.

Whether the evidence is sufficient to establish precedent authority in Willis, either express or implied, to make the contract in question, is one sharply mooted—the defendant claiming that it is not, and the plaintiff, with apparently equal confidence, contending that it is ample. In the view we take of the case, however, it is unnecessary to state or discuss the evidence or the divergent views of counsel upon that phase of the controversy, since in our judgment the record very clearly discloses a subsequent ratification of the contract by defendant. Defendant's place of business is in the city of San Francisco, where it deals in dried fruits and other commodities. The contract with plaintiff was made on May 19, 1894, at the home of the latter, in the county of Colusa. It was made by Willis, who represented himself to plaintiff as the agent of defendant for the purchase of the fruit, and was in writing, and was signed: "J. K. Armsby Company, by Frank W. Willis, agent." Subsequently, on May 25, 1894, and before the delivery of any fruit under the contract, plaintiff wrote to defendant this letter: ·

"COLUSA, Cal., May 25, 1894.

"*J. K. Armsby Co., San Francisco.*

"GENTLEMEN: I have sold my green fruit to you and have a contract to that effect, signed J. K. Armsby Company, by Frank Willis, as agent. Now, what I want to know, is F. W. Willis your agent for buying green fruit, and is the contract correct? Your immediate answer, and oblige,          "Yours truly,

"J. H. POPE."

In response, defendant, through its general manager, Mr. Freeman, on May 26, 1894, wrote:

" San Francisco, May 26, 1894.
" *John H. Pope, Esq., Colusa, Cal.*

" Dear Sirs: We have yours of the 25th.   Mr. Willis bought some apricots on our advice, but we are not aware he bought them in our name.   We will handle them, however, and think there is no question on the money part of the transaction.   The writer expects to visit your section within the next week or two, and will arrange the matter satisfactorily with you then.

" Yours truly,
"J. K. Armsby Co.
" Freeman."

It is at once apparent that this letter from the defendant is not entirely open and ingenuous.   It does not answer the question put by plaintiff, whether Willis was its agent in the premises, in a categorical manner by saying, in terms, that he was or was not such agent. But the language used and the assurances therein conveyed authorize, we think, but one inference, and that the one put upon it by plaintiff, that the contract was all right, and defendant would see it carried out.   If this is not what the defendant intended plaintiff to understand, it was exceedingly unfortunate in the choice of language to express its meaning.   If defendant intended to repudiate the transaction, it was its duty to do so explicitly, and in such terms as to leave no room for plaintiff to be misled by drawing an inference which defendant did not intend to convey.   It was not essential that the ratification should be in express terms in order to bind the principal.   If it is fairly inferable from the words or conduct of the party it is sufficient. Like the act of conferring antecedent authority upon an agent, it may be either express or implied.   (*Ralphs* v. *Hensler*, 97 Cal. 296; *Puget Sound Lumber Co.* v. *Krug*, 89 Cal. 237.)

It is said that defendant's letter was not a ratification

because it was not written with a perfect knowledge of
the transaction; that the terms of the contract were not
stated in plaintiff's letter, and they were not known to
defendant when its letter was written.    In the first place,
there was evidence tending to show that Willis, who was
admittedly representing defendant in a certain capacity,
talked with the manager of defendant over the tele-
phone, and told him about the transaction with plain-
tiff the same evening the contract was made.    But, in
the next place, defendant was positively and plainly
informed by plaintiff's letter that he had a written con-
tract signed in its name; and it was clearly the duty of
defendant, if it did not know the terms or purport of
the contract, to inform itself thereof before writing as it
did, if it did not wish to be bound thereby.    It would
have been a very easy thing to have asked plaintiff to
send it a copy of the contract before replying to his
inquiry; and not to have taken this simple precaution
was negligence on its part, and precludes it from deny-
ing the effect of its assurances to plaintiff, which in-
duced the latter to proceed and deliver his fruit under
what he had a right to suppose was a valid contract·
(*Scott* v. *Jackson*, 89 Cal. 262.)    The general rule is, that
"where a person, by word or conduct, induces another
to act on a belief in the existence of a certain state of
facts, he will be estopped, as against him, to allege a
different state of facts."    (7 Am. & Eng. Ency. of Law,
19.)    Mr. Bigelow defines estoppel *in pais* to be a "right
arising from acts, admissions, or conduct which have
induced a change of position in accordance with the
real or apparent intention of the party against whom
they are alleged."    (Bigelow on Estoppel, 4th ed., 445.)

Defendant did not excuse himself from further in-
quiry by merely asking its representative, Mr. Willis, if
he had made such a contract in its name, and getting
his assurance that he had not.    It knew that Willis was
operating in plaintiff's neighborhood in buying fruit, in
which he was to a certain extent representing the de-
fendant; and being explicitly informed that he had

made the contract with plaintiff in its name, it was charged with further inquiry of the plaintiff to ascertain the fact. This it had perfect and convenient opportunity to do, not only by mail, but personally, through its manager, Mr. Freeman, who was in Colusa only three or four days after the receipt of plaintiff's letter, and before plaintiff had acted under the contract. But Mr. Freeman made no effort to see plaintiff, notwithstanding the statement in his letter to plaintiff that he would do so; and the result was that plaintiff was left to indulge the inference that everything was all right, and he could count upon the contract being carried out.

Under these circumstances, we think the defendant clearly estopped from denying the contract.

The judgment and order are affirmed.

GAROUTTE, J., and HARRISON, J., concurred.

Hearing in Bank denied.