[L. A. No. 1436. In Bank.—January 22, 1906.]

## JACOB STONER, Appellant, v. FRED ZUCKER et al., Respondents.

PAROL LICENSE—EXPENDITURE IN EXECUTION—IRREVOCABILITY.—Where a licensee has entered upon the land of another under a parol license, and has expended money, or its equivalent in labor, in the execution of the license, the license becomes irrevocable, and the licensee has a right of entry on the land for the purpose of maintaining structures placed thereon; and the rights of the licensee and the license will continue for so long a time as the nature of it calls for.

ID.—LICENSE TO CONSTRUCT IRRIGATING DITCH—EASEMENT.—A parol license to defendant to construct an irrigating ditch over plaintiff's land, which is executed by the construction of the ditch by defendant with the expenditure of a large sum of money, becomes in all essentials an easement upon plaintiff's land, continuing for such a length of time as the use of the ditch may continue.

APPEAL from a judgment of the Superior Court of Riverside County. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Collier & Carnahan, for Appellant.

E. W. Freeman, and Henry J. Stevens, for Respondents.

HENSHAW, J.—Plaintiff pleaded that defendants had entered upon his land in 1899 under license, and had constructed thereon and thereover a ditch for the carrying of water; that he never conveyed or agreed to convey to the defendants any right of way, easement, or interest in the land for the purpose, and their right to construct and maintain the ditch rested wholly upon this license; that in 1900 he served notice upon them that the license to construct and operate the ditch had been revoked and abrogated by him. Notwithstanding this notice of revocation and abrogation, the defendants, disregarding it, have continuously entered upon plaintiff's land, making repairs upon the ditch and restoring the same where it was broken and washed away, and defendants threaten to continue this trespass upon the lands of the plaintiff. Plaintiff therefore prayed that the defendants be adjudged trespassers and be enjoined from the use of the ditch or from in any manner entering upon the lands of the plaintiff to repair or otherwise maintain it. The evidence established without controversy that defendants constructed the ditch for the purpose of carrying water for irrigation to their own and other lands, and had expended upon the ditch the sum of seven thousand and more dollars. The court found that "a right of way for the construction and maintenance of the ditch for the purpose of taking water from Santa Ana River for use in connection with and upon defendants' lands was given and granted by the plaintiff to the defendants, and that the defendants are the owners of a right of way for said ditch for the purpose aforesaid." The court further found that there was a consideration for the "granting of said right of way, in that defendants contracted and agreed with the plaintiff to deliver to and for the use of the plaintiff on his land lying under said canal sufficient water to irrigate the land, and the defendants have at all times delivered said water so agreed to be delivered." This last finding derives no support from the evidence, and the first finding, to the effect that the plaintiff "granted" a right of way, can be supported only upon the understanding that the court by "grant" meant that "permission" was given to defendants for the construction and maintenance of the ditch. So construing the findings, the question is squarely presented as to the revocability or nonrevocability of an executed parol license, whose execution has

involved the expenditure of money, and where, from the very nature of the license given, it was to be continuous in use.

Appellant contends that a parol license to do an act upon the land of the licensor, while it justifies anything done by the licensee before revocation, is revocable at the option of the licensor, so that no further acts may be justified under it, and this, although the intention was to confer a continuing right, and money has been expended by the licensor upon the faith of the license; and that such a license cannot be changed into an equitable right on the ground of equitable estoppel. To the support of this proposition is offered authority of great weight and of the highest respectability. The argument in brief is that a license in its very nature is a revocable permission; that whoever accepts that permission does it with knowledge that the permission may be revoked at any time; that the rule cannot be changed, therefore, because the licensee has foolishly or improvidently expended money in the hope of a continuance of a license, upon the permanent continuance of which he has no right in law or in equity to rely; that to convert such a parol license into a grant or easement under the doctrine of estoppel is destructive of the statute of frauds, which was meant to lay down an inflexible rule; and finally, that there is no room or play for the operation of the doctrine of estoppel, since the licensor has in no way deceived the licensee by revocation, has put no fraud upon him, and has merely asserted a right which has been absolutely reserved to him by the very terms of his permission. No one has stated this argument more clearly and cogently than Judge Cooley, who, holding to this construction of the law, has expressed it in his work on Torts. (Cooley on Torts, 2d ed., 364.) But that the same eminent jurist recognized the injustice and the hardship which follow such a conclusion is plainly to be seen from his opinion in *Maxwell* v. *Bay City Bridge Co.*, 41 Mich. 453, [2 N. W. 639], where, discussing this subject, he says: ''But the injustice of a revocation after the licensee, in reliance upon the license, has made large and expensive improvements, is so serious that it seems a reproach to the law that it should fail to provide some adequate protection against it. Some of the courts have been disposed to enforce the license as a parol contract which has been performed on one side.'' Indeed, the learned jurist with equal accuracy

might have stated that the majority of courts have so decided, in accordance with the leading case of *Rerick* v. *Kern*, 14 Serg. & R. 267, [16 Am. Dec. 497]. That case was carefully considered, and it was held that it would be to countenance a fraud upon the part of the licensor if he were allowed, after expenditure of money by the licensee upon the faith of the license, to cut short by revocation the natural term of its continuance and existence, and that under the doctrine of estoppel, the licensor would not be allowed to do this. The decision was that the licensor would be held to have conveyed an easement commensurate in its extent and duration with the right to be enjoyed. In that case there was a parol license without consideration to use the waters of a stream for a sawmill, and it was held it could not be revoked at the grantor's pleasure, where the grantee, in consequence of the license, had erected a mill. The court in that case says, after discussion: "It is to be considered as if there had been a formal conveyance of the right, and nothing remains but to determine its duration and extent. A right under a license, when not specifically restricted, is commensurate with the thing of which the license is an accessory." And the court said further: "Having in view an unlimited enjoyment of the privilege, the grantee has purchased by the expenditure of money, a right indefinite in point of duration, which cannot be forfeited by a non-user unless for a period sufficient to raise the presumption of a release. The right to rebuild in case of destruction or dilapidation and to continue the business on its original footing may have been in fact as necessary to his safety, and may have been an inducement of the particular investment in the first instance."

It will not be necessary to multiply citations of authority upon this point. It is sufficient to refer to the very instructive comment of Professor Freeman on the case of *Rerick* v. *Kern*, reported in 16 Am. Dec., at page 497. The learned author of the note concludes his review by saying, as he shows, that "it will be seen that the doctrine of the principal case, though not recognized in some of our state courts, is, nevertheless, expressive of the law as administered by the majority of them, and that the preponderance of recent judicial opinions is in harmony with the views of Judge Gibson." This court in the case of *Flickinger* v. *Shaw*, 87 Cal. 126, [25 Pac. 268, 22

Am. St. Rep. 234], discussed and approved the case of *Rerick* v. *Kern,* 14 Serg. & R. 267, [16 Am. Dec. 497]. It was not called upon there to pass upon the precise question here presented, because in that case defendant had entered and expended money upon a parol agreement to convey a right of way, and the court was called upon merely to decide in consonance with undisputed equitable principles that that parol agreement was enforceable, but in *Smith* v. *Green,* 109 Cal. 234, [41 Pac. 1024], the exact principle here announced is distinctly recognized, and it is said: "The general rule, no doubt, is that one who rests his claim to an easement on a verbal contract alone, unexecuted and unaccompanied by any other facts, has no rights thereto which he can enforce. But there are many cases where a mere parol license which has been executed, and where investments have been made upon the faith of it, has been held irrevocable. (Gould on Waters, secs. 232, 324.)" The recognized principle, therefore, is that where a licensee has entered under a parol license and has expended money, or it is equivalent in labor, in the execution of the license, the license becomes irrevocable, the licensee will have a right of entry upon the lands of the licensor for the purpose of maintaining his structures, or, in general, his rights under his license, and the license will continue for so long a time as the nature of it calls for. Thus, for example, where the license was to erect a lumber-mill, the license came to an end when the timber available for use at that mill had been worked up into lumber. The same has been held as to a mill-dam, the right to maintain the dam continuing so long as there was use for the mill, and the right being lost by abandonment and disuse only when the non-user had continued for a period sufficient to raise the presumption of release. In the case of irrigating ditches, drains, and the like, the license becomes in all essentials an easement, continuing for such length of time under the indicated conditions as the use itself may continue.

For these reasons the judgment and order appealed from are affirmed.

McFarland, J., and Lorigan, J., concurred.

Rehearing denied.