[S. F. No. 4818.   In Bank.—December 23, 1908.]

MILLER AND LUX (a Corporation), Respondent, v. KERN COUNTY LAND COMPANY (a Corporation), Appellant.

Continuous Trespass on Right of Way—Action to Enjoin by Successor—Pleading.—In an action to enjoin a continuous trespass on and invasion of a right of way for a water-ditch across the lands of the defendant, to which the plaintiff has succeeded, it is not necessary to allege in the complaint that the plaintiff was the owner of the right of way at the time the right to the use thereof was first violated.

Id.—Way for Ditch—Facts Showing Parol License.—In such an action, the complaint will be held to state a cause of action, as against a general demurrer, if by fair intendment it is capable of a construction which shows that the right of way for the ditch was acquired with the assent of the defendant, under circumstances amounting to a parol license.

Id.—Estoppel to Deny Parol License.—An owner of land, with knowledge that another proposes to construct a water-ditch across it for the purpose of conducting water to his land, who assents to, aids, and encourages such other in the performance of his work, upon which he expended a considerable sum of money, is estopped to deny the granting of a parol license for the right of way for the ditch.

Id.—Parol License Not Revocable.—A parol license to construct a water-ditch over the land of the licensor, after it has become executed by the construction of the ditch, at an expenditure of a considerable sum of money, is not revocable at the will of the licensor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Page, McCutchen & Knight, and W. S. Burnett, for Appellant.

Houghton & Houghton, and Edward F. Treadwell, for Respondent.

THE COURT.—The appeal is from the judgment and from the order denying defendant's motion for a new trial.   The essential allegations of the complaint are that the copartnership of Miller & Lux, James B. Haggin and others, owned

lands and conflicting claims to land, and water-rights and conflicting claims to water-rights on Kern River; that in adjustment of the litigation which had sprung up because of their hostile interests, a written agreement was entered into; that one of the purposes to be accomplished by the agreement was the supplying water to all the lands of Miller & Lux; that to this end Buena Vista lake was to be made into a reservoir for the storing of water, and this was done; that an easement was granted in the agreement by James B. Haggin for the reasonable use of his lands for the purpose of taking water to the lands of Miller & Lux. In 1892 James B. Haggin conveyed his lands with all the water-rights appurtenant thereto to the defendant corporation, and, in turn, the plaintiff corporation succeeded to all the rights of Miller & Lux, copartners. The complaint then proceeds, and here we quote *in extenso:* "That in the month of April, 1894, said Henry Miller, acting as surviving partner aforesaid, being desirous of irrigating said four thousand acres of land with water from said lake or reservoir, notified defendant of his intention to locate and construct a gate and canal over and upon the north half of said section thirty for said purpose, whereupon, under its direction, the duly authorized agents of defendant, having power to act in the premises, accompanied said Henry Miller and his employees, to said reservoir and co-operated and assisted him in laying out the lines, and surveying and locating a canal upon the north half of said section thirty for the purpose of carrying or conducting water from said lake or reservoir to said four thousand acres of land. That thereafter, in May, 1894, said Henry Miller, as such surviving partner, commenced the work of constructing the gate and canal so located and laid out, and continued said work until August, 1894, when said gate and canal were completed; that said canal is nearly one mile in length and the cost and expense of constructing the same and the gate thereto is about three thousand dollars. That defendant knew said work was in progress from the time it was commenced until the completion of said canal and said gate and stood by and made no objection thereto; but, on the contrary, by its acts and conduct, encouraged said Henry Miller, acting as such surviving partner, to proceed with the same and construct said canal and gate. That after the completion thereof, and the gate thereto, said

canal was used by said Henry Miller, as such surviving partner, to carry and conduct water from said Buena Vista lake, or reservoir, to said four thousand acres of land, for the irrigation thereof, and for other purposes, until in the month of February, 1897, defendant illegally, wrongfully, stealthily and in the night-time, constructed a dam in and across said canal near its junction with said lake or reservoir, and thereafter to the present day, with force and arms, has prevented said Henry Miller and plaintiff from removing said dam and from using said gate and canal."

Plaintiff sought a decree entitling it to the use of the gate and canal and restraining the defendant from interfering with their use, and a further judgment of twenty-five thousand dollars damages for injuries sustained. After trial, the court's findings were in favor of the allegations of the complaint, saving that it found against the allegation that the agreement between the original parties conveyed, or purported to convey, to plaintiff or its grantor any right of way for a ditch or canal over the land of the defendant. It did find, however, facts in accordance with the allegations of the complaint, from which it concluded that a parol license to construct and maintain the gate and canal had been given by defendant to plaintiff's predecessor.

Upon appeal it is urged that defendant's demurrer to the complaint should have been sustained, because of the complaint's failure to allege that the plaintiff was the owner of the right of way for gate and canal at the time of the asserted violation of its right to the use thereof. Such an allegation, under the circumstances of this case, was not, however, necessary. Appellant's reliance in this regard is upon the class of cases illustrated by *Vanalstine* v. *Whelan,* 135 Cal. 232, [67 Pac. 125], by which class of cases it is well settled that it is fatal to an action of claim and delivery if the complaint contains no averment of ownership and right of possession at the time of the commencement of the action. But such a rule does not apply to a case of this character, where the complaint shows a continuous trespass and invasion of the right to which the plaintiff has succeeded. (*Cooper* v. *Taylor,* 15 N. J. L. 455; *Terpenning* v. *Gallup,* 8 Iowa, 74.) Plaintiff, it appears, actually acquired its title and all of the rights of Miller & Lux, copartners, in June, 1897, and the continuance

of the asserted trespass after that date is both alleged and established.

The second ground of demurrer, that the complaint does not state facts sufficient to constitute a cause of action, in that the allegations are insufficient to show the giving of a parol license or of the reliance upon a parol license by plaintiff in the expenditure of its money, is not without merit. It is urged, with much force, that the pleader's theory presented by his complaint is that of a right under a written agreement, and that it does violence to the language of the complaint to wrench it from its obvious import to discover therein reliance upon parol license. But we think it may be fairly said that the complaint shows something more than a mere reliance upon the legal right asserted under the agreement. Thus, it is averred that defendant's agents accompanied Miller and his employees to the reservoir and co-operated and assisted them in laying out the lines and surveying and locating the canal for the purpose of conducting this water over defendant's land; that Miller constructed the work openly, and with the knowledge of the defendant, who not only stood by and made no objection thereto, but actually encouraged Miller to proceed with the construction. We think that, by fair intendment, it thus appears from the complaint that the assent of the defendant was obtained under circumstances amounting to a parol license, and if, by fair intendment, these facts can be derived from the complaint, it will be held sufficient against general demurrer. (*Anderson* v. *Bank of Lassen,* 140 Cal. 695, [74 Pac. 287].)

From another point of view the complaint is equally impregnable against attack upon demurrer. The allegations above quoted, with others which the complaint contains, may be treated, and they are sufficient when so treated, as a pleading of estoppel *in pais.* The findings in support of these allegations establish that the defendant, knowing the purpose and nature of the work about to be done by plaintiff's grantor, assented to, aided, and encouraged him in the performance of this work, upon which was expended a considerable sum of money. Here are clearly present all the facts necessary to establish such an estoppel. And thus, by this estoppel, defendant is forbidden to deny the granting of the parol license. The evidence is sufficient to support these findings.

The principal contention upon appeal is that this court should recede from the view which it adopted and expressed in *Stoner* v. *Zucker,* 148 Cal. 516, [113 Am. St. Rep. 301, 83 Pac. 808], and should adopt the contrary view, that a parol license, regardless of its nature, is always revocable at the will of the licensor. This question was duly considered in *Stoner* v. *Zucker,* 148 Cal. 516, [113 Am. St. Rep. 301, 83 Pac. 808], the conflict in authority was recognized, and the conclusion there expressed deliberately adopted. We perceive no reason for receding from that conclusion.

For these reasons the judgment and order appealed from are affirmed.

Beatty, C. J., dissented.

Rehearing denied.