[L. A. No. 4624. Department One.—February 6, 1919.]

## OSCAR W. ROBERTS, Respondent, v. CURTIS C. COLYEAR, Appellant.

APPEAL—ORDER DENYING NEW TRIAL—DISMISSAL—SECTION 963, CODE OF CIVIL PROCEDURE.—An appeal attempted to be taken from an order denying a motion for a new trial must be dismissed where the notice was filed after the amendment of 1915 to section 963 of the Code of Civil Procedure.

CONTRACT—CONSTRUCTION OF—DEED ON SALE UNDER DEED OF TRUST—LACK OF AUTHORITY TO QUESTION.—Where a contract between the owners of an apartment house under construction and a furniture dealer provided that the latter should supply the furnishings for the house, and after it was finished should install a competent manager for the purpose of operating it until the property could be leased or sold and the furnishings sold upon terms satisfactory to the parties, the owner of the furnishings being given absolute control and management of the house during the continuance of the agreement, but to receive no compensation, and the owners of the house to be entitled to no rent, the net receipts from rentals of rooms to be divided equally and losses to be also borne equally, the instrument declaring that it should not be construed as constituting a partnership, the contract did not give the owner of

the furnishings any interest or estate in the real property, and he therefore was not in a position to question a deed by the trustee on a sale of the property under a deed of trust executed after the execution and recording of the contract.

Trust Deed—Sale Under—Trustee's Deed—Recital of Default—Evidence.—Where a deed of trust provided that recitals in the trustee's deed of default, publication of notice of sale, sale, and receipt of the purchase money, should be conclusive proof of the facts recited, as against the grantors, their heirs and assigns, and all other persons, a trustee's deed containing such recitals is admissible in evidence to show that the title of the trustors had passed to the grantee under the deed, without independent proof that the debtors were in fact in default, in an action to recover possession of the property.

Id.—Rights of Third Persons—Transfer of Trustor's Title.—The provision of a trust deed declaring the effect of recitals, or the recitals when made, cannot operate to affect the pre-existing interest of a third party claiming adversely to the trustor, and a deed executed by the trustee does not, by virtue of its recitals, carry to the grantee any better right or title than the trustor had when he executed the deed of trust.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edwin A. Meserve, Shirley E. Meserve, and J. D. Taggart, for Appellant.

Goodrich & Martinson, for Respondent.

SLOSS, J.—Judgment went for the plaintiff in this action, which was brought to recover the possession of real property in the city of Los Angeles, with damages for the withholding. The defendant appeals from the judgment. An appeal attempted to be taken from the order denying his motion for a new trial must be dismissed, notice having been filed after the amendment of 1915 to section 963 of the Code of Civil Procedure.

Title to the land was originally in Frank and Anna Reiter, who had erected thereon an apartment house. The plaintiff claimed to have succeeded to the title of the Reiters by virtue

of a sale made under a trust deed executed by them to secure a loan.    The defendant asserted a right of possession based on a written contract between the Reiters and himself, executed and recorded before the making of the deed of trust.

This contract, after reciting that the Reiters are the owners of the apartment house then being constructed, and that the defendant is engaged in the furniture business, states the undertakings and agreements of the parties as follows: That the defendant shall supply the furniture, carpets, draperies, and other furnishings required; that, after the building is finished and ready for occupancy, the defendant "shall install a competent and reliable manager in said building for the purpose of running and operating said apartment house or hotel until said property can be leased or sold and said furniture and furnishings can be sold upon terms and conditions satisfactory to the parties hereto."   There is a provision for fixing the "invoice price that the second party (Colyear) is to get for the furniture and furnishings."   Then follows a clause stating that Colyear is to have the absolute control and management of the lodging-house during the continuance of the agreement, but is to receive no compensation for operating the building; that the Reiters shall receive no rent, but the net receipts from the rentals of the rooms in the building shall be divided equally between the parties during the life of the agreement.    If such rentals are insufficient to pay the expenses of the building, the loss is to be borne equally between the parties.    Either party shall have the right to secure a tenant to purchase the furniture and to lease the building, the price to be received for the furniture to be at least equal to the "invoice price," and if any greater price is obtained, the surplus is to be equally divided between the parties.    The Reiters are given the option to purchase the furniture at the invoice price at any time during the life of the agreement.    It is declared that the contract shall continue in force and effect until the property is leased and the furniture sold, or the furniture purchased by the Reiters.    The writing states that the agreement shall not be construed to constitute a partnership between the parties, it being their intention to make a contract for the sale of the furniture and the leasing of the real property.    Finally, there is a clause to the effect that neither party shall have the right to assign the contract without the written consent of the other.

Pursuant to this agreement, the defendant installed the furniture when the building was completed, and proceeded to operate the house through a manager of his selection. The trustee under the deed of trust sold the property, and the plaintiff became the purchaser at the sale. The trust deed contained the provision, common in such instruments, that recitals in the trustee's deed of default, publication of notice of sale, sale, and receipt of the purchase money, shall be conclusive proof of the facts recited, as against the grantors, their heirs and assigns, and all other persons. In proof of his allegation of ownership, the plaintiff offered in evidence a deed from the trustee containing such recitals. The defendant objected to the admission of this instrument, in the absence of independent proof that the debtors were, in fact, in default. The court overruled the objection. The ruling was correct. The trustee's deed was competent and sufficient evidence to show that the title of the Reiters had passed to the plaintiff. This was the only purpose of its introduction. It was not offered to cut off any prior rights of the defendant, if any he had. It is, no doubt, true that the provision of the trust deed declaring the effect of recitals, or the recitals when made, could not operate to affect the pre-existing interest of a third party claiming adversely to the trustors. (*Long* v. *Dollarhide,* 24 Cal. 218; *Galland* v. *Jackman,* 26 Cal. 79, [85 Am. Dec. 172].) The trustee's deed did not, by virtue of its recitals, carry to the grantee any better right or title than the trustors had when they executed the deed of trust. But the respondent does not claim any greater effect for it. The recitals are relied upon as binding the interest of the trustors. To this extent, at least, they are effective. (*Savings & Loan Soc.* v. *Deering,* 66 Cal. 281, [5 Pac. 353]; *Carey* v. *Brown,* 62 Cal. 373; *Mersfelder* v. *Spring,* 139 Cal. 593, [73 Pac. 452].) The deed containing them is admissible in an action of ejectment, as against the grantor or other person in possession, and no further evidence is necessary to show that the plaintiff has succeeded to such title and right of possession as the trustor had when he made his deed of trust. (3 Jones on Mortgages, 7th ed., sec. 1830.)

The real question, then, is whether the contract between Colyear and the Reiters gave the former any estate or interest in the property itself. If he had no estate or right of

possession as against the Reiters, he has no right to question the trustee's deed.

We think it clear that the contract vested in Colyear no estate or interest in the property. Certainly it did not by its terms purport to grant the premises or any interest therein. Nor did the agreement constitute a lease of the land and building. No rent is reserved, nor is any fixed or ascertainable term specified. There is not even an express stipulation that the defendant shall have possession of the premises. He is to have control and management of the house during the continuance of the agreement, but this control and management are to be exercised for the purposes contemplated by the parties, to wit, the operation, in their joint interest, of the furnished lodging-house until such time as the Reiters can make a lease of the property, and Colyear can make a satisfactory sale of his furniture. Until such sale and lease should be effected, the agreement of the parties was to run the apartment house on shares. They declare that it is not their intention to effect a partnership. But they were, at any rate, engaged in a joint venture. The arrangement for division of the gains and losses of operation did not make Colyear a tenant of the Reiters. (*Bernal* v. *Hovious,* 17 Cal. 541, [79 Am. Dec. 147] ; *Schneider* v. *Brown,* 85 Cal. 205, [24 Pac. 715].)

By the agreement Colyear was authorized to place his furniture in the house, and to leave it there until a sale should be effected. This was a mere personal covenant between the parties. It was not contemplated that, by giving to Colyear the privilege of placing his personal property in their building the Reiters were granting him an interest or estate, unlimited in duration, in their land. Colyear had no property right in the house, and no interest in the proceeds of any lease that might be made. His interest was simply in the furniture. The purpose of the contract, as declared by its own terms, was to enable the Reiters to dispose of their house, and Colyear to sell his furniture. Neither party acquired thereby any interest in the property of the other. The case is in no way analogous to those in which it has been held that one who has made expenditures on the faith of a license affecting the land of another may thereby acquire an irrevocable right. (*Stoner* v. *Zucker,* 148 Cal. 516, [113 Am. St. Rep. 301, 7 Ann. Cas. 704, 83 Pac. 808] ; *Miller*

*& Lux* v. *Kern County Land Co.*, 154 Cal. 785, [99 Pac. 179].) In those cases the right claimed was in the nature of an easement, an interest in real property. Nothing of the kind appears in this case. The arrangement here made was based on personal confidence, rather than any grant or exchange of interests in property. Each party relied on the promises of the other, and the remedy for any breach was to be sought in an action for damages. The court below held rightly that the appellant had shown no right of possession.

The appeal from the order denying a new trial is dismissed. The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.