[Civ. No. 2621. Third Appellate District.—June 25, 1923.]

## L. P. CLENDENIN, Respondent, v. JOSEPHINE WHITE et al., Appellants.

[1] PAROL LICENSE—EXPENDITURES IN EXECUTION—RIGHT OF ENTRY—CONTINUANCE.—Where a licensee has entered under a parol license and has expended money, or its equivalent in labor, in the execution of the license, the license becomes irrevocable, the licensee will have a right of entry upon the lands of the licensor for the purpose of maintaining his structure, or, in general, his rights under the license, and the license will continue for so long a time as the nature of it calls for. In the case of irrigating ditches, drains, and the like, the license becomes in all essentials an easement, continuing for such length of time under the indicated conditions as the use itself may continue.

[2] ID.—ORAL AGREEMENT OF HUSBAND—RATIFICATION BY WIFE—ACCEPTANCE OF BENEFITS.—Where the wife is the owner of the premises occupied by herself and her husband, who looks after and manages the property, and she, with knowledge of an oral agreement between her husband and an adjoining land owner under which the latter constructed a ditch across her property which was of benefit both to her property and that of the adjoining land owner, accepts the benefit of such ditch for more than twenty years, during which time she must have known of the annual expenditures by the adjoining land owner upon that part of the ditch across her property, she will be held to have ratified her husband's agreement with such adjoining land owner, even if he was unauthorized to make it.

APPEAL from a judgment of the Superior Court of Lake County. M. S. Sayre, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. M. Crawford for Appellants.

Tindall & Davis and Lovett K. Fraser for Respondent.

FINCH, P. J.—The complaint alleges that the plaintiff and defendants are adjoining land owners, plaintiff's land being higher in elevation than that of defendants; that there are certain springs on plaintiff's land from which water

1. Revocation of parol license, notes, 31 Am. St. Rep. 712.

flows over and across plaintiff's and defendants' lands through a ditch constructed "in a well-defined depression where the water from said springs formerly flowed before the construction of said ditch"; that more than twenty years ago, "plaintiff and defendants by mutual consent and with the express understanding and agreement that said ditch should be used jointly across the lands of. plaintiff and defendants for the purpose and use of carrying the water from said springs off from and over the lands of plaintiff and defendants . . . constructed said ditch . . . along and over the lands which the water was accustomed to flow from said springs"; that the water from such springs has been conducted through the ditch for more than twenty years and that the ditch is necessary for the drainage of plaintiff's land; that each year since the construction of the ditch it has become filled with sediment and that plaintiff and his agents have gone upon defendants' land and "with the acquiescence and assistance of said defendants have cleaned out said ditch to the depth of about two feet and to its natural condition when first built"; that in the year 1921 the defendants for the first time forbade plaintiff's repair or use of the ditch; and that plaintiff has been damaged thereby in the sum of $1,000 by reason of the consequent accumulation of water on his land. The prayer is for a judgment establishing plaintiff's right to repair and use the ditch, restraining defendants from interfering therewith and for damages in the sum of $1,000. The answer denies the alleged facts upon which plaintiff's right to the use of the ditch is based. The court found that the land alleged to belong to defendants is the property of defendant Josephine White and that Chester White is her husband and her manager and agent. The other facts were found in accordance with the allegations of the complaint. Judgment was rendered awarding plaintiff damages in the sum of $368 and granting other relief as prayed for.

The evidence shows that from the year 1877 to 1899 there was a ditch running through the lands of the parties for the purpose of carrying away water from the springs mentioned in the complaint. This ditch followed a different course through defendants' land from that of the ditch here in controversy. It seems not to have served its purpose effectively. Plaintiff testified that up to the year

1899 the water spread out over the defendants' land and that the ditch constructed in that year "took all the water into one channel." Defendant Chester White testified that the water ran "all over the field" on defendants' land and that the new ditch "confined it." In the year 1899 the plaintiff and Chester White agreed upon the location of the present ditch through defendants' land and that the ditch should be used jointly by the parties. White plowed furrows to mark the course of the ditch and plaintiff constructed it along the line so marked. The old ditch was thereupon abandoned and the new one seems to have successfully carried off the water and prevented it from spreading out over the lands of the parties. Plaintiff went upon defendants' land and cleaned out the ditch every year but one, which was a dry year, from 1899 to 1921, without objection on the part of defendants, and water was drained through it continuously during that time. The ditch in controversy was constructed by plaintiff for the benefit of both parties pursuant to the oral agreement between him and White. Putting the case most strongly against plaintiff, his rights are at least those of a licensee. [1] "Where a licensee has entered under a parol license and has expended money, or its equivalent in labor, in the execution of the license, the license becomes irrevocable, the licensee will have a right of entry upon the lands of the licensor for the purpose of maintaining his structures, or, in general, his rights under his license, and the license will continue for so long a time as the nature of it calls for. . . . In the case of irrigating ditches, drains, and the like, the license becomes in all essentials an easement, continuing for such length of time under the indicated conditions as the use itself may continue." (*Stoner* v. *Zucker,* 148 Cal. 516, 520 [113 Am. St. Rep. 301, 7 Ann. Cas. 704, 83 Pac. 808, 810]; *Gravelly Ford Co.* v. *Pope-Talbot Co.,* 36 Cal. App. 717 [178 Pac. 155]; *Irrigated Valleys Land Co.* v. *Altman,* 57 Cal. App. 413 [207 Pac. 401]; *Cairns* v. *Haddock,* 60 Cal. App. 83 [212 Pac. 222].)

[2] Appellant contends that Josephine White is not bound by her husband's parol agreement with plaintiff. Plaintiff testified that Chester White has resided on the White property for thirty or thirty-five years, and during all of that time has had charge of the White property. This

testimony was not contradicted. Mrs. White testified as follows: "Q. Mr. Chester White is your husband? A. He is. Q. Does he manage your place there for you? A. I think I help. I don't think he has entire management of it; no. Q. Well, you leave it to him to look after the fences, do you? A. Yes. Q. He also looks after the ditches on the property, you leave that to him? A. He usually talks those matters over with me. Q. And you know of this ditch being constructed there in the year 1899? A. I don't remember the year. Q. Well, about what time? A. I suppose so. Q. Do you remember the construction of it, whenever it was? A. Yes, I do. . . . Q. You acquiesced in the construction of it? A. I really had nothing much to do with it. I was busy with the family and the house. Q. Mrs. White, do you approve of any contract that your husband made with Mr. Clendenin at that time about the ditch, or do you disapprove? A. I don't know as there was any question. I never interfered very much. Q. Well, you approved of anything your husband did? A. I have just let it go, a good many times. Q. You never objected? A. Some things I have objected to. Q. You didn't object to Mr. Clendenin? A. Not at that time. Q. Did you at any time within the year? A. No, not about the ditches." The foregoing testimony justifies the inference that Mrs. White had knowledge of the agreement between her husband and the plaintiff and of the construction and use of the ditch by the latter. The operation of the ditch was of benefit to her own land. She accepted such benefit for a period of more than twenty years during which time she must have known of plaintiff's annual expenditures upon that part of the ditch which was upon her own land. Having received the benefits of her husband's agreement with plaintiff during all that time she must be held to have ratified it, even if he was unauthorized to make it. "Ratification of a contract made by an agent need not be in express terms in order to bind the principal." (*Ford* v. *Lou Kum Shu*, 26 Cal. App. 203, 210 [146 Pac. 199, 202].) "If it is fairly inferable from the words or conduct of the party it is sufficient. Like the act of conferring antecedent authority upon an agent it may be either express or implied." (*Pope* v. *Armsby Co.*, 111 Cal. 159, 163 [43 Pac. 589, 590].) Under a state of facts somewhat similar in principle to those of the instant case, where a

son, acting for his father without express authority, and having a parol license to construct a sewer through the father's land, it was said: "The authority of the son to fully represent the father in what he proposed, either originally or by ratification, is too apparent to admit of question." (*Alderman* v. *City of New Haven,* 81 Conn. 137 [18 L. R. A. (N. S.) 74, 70 Atl. 626].) The facts of this case warrant a like observation as to the authority of Chester White to represent his wife.

The drainage ditch carried off the water from certain parts of plaintiff's land which had theretofore been too wet for the growing of fruit trees. After the construction of the ditch, plaintiff planted pear trees upon the land so drained. Defendants' interference with plaintiff's use of the ditch caused the water to back up and kill 368 of these trees. There is no doubt that the plaintiff suffered damage to the extent found by the court.

The judgment is affirmed.

Burnett, J., and Jones, J., *pro tem.,* concurred.