[Civ. No. 8126.   Third Dist.   Oct. 3, 1952.]

ALICE JANE MacDOWELL HEINKEL, Appellant, v. H. J. McALLISTER et al., Respondents.

Ralph V. Devoto for Appellant.

H. G. Crawford for Respondents.

THE COURT.—This is an appeal from a judgment in favor of defendants and from the order denying plaintiff's motion for a new trial.

In 1910 plaintiff's property was owned by one Shadduck and defendants' property was owned by one Harris. Shadduck required more water for use on his land and in search for an additional source discovered a "wet spot of ground" on the Harris property. Upon request, Harris granted permission to develop the spot in the hope of finding water. Mr. Shadduck found water, and to utilize the water thus found put in a piping arrangement to bring the water across the county road which divided their properties onto his land where he used it for watering livestock, irrigation, etc. This usage continued until 1939 when the Shadducks sold their parcel to the Atkinsons. At the time of sale the Shadducks specifically informed them that they did not own the water so therefore were not selling it. By this time (1934) the Harris property was owned by one Miss Boucher.

During the year 1940 Miss Boucher fenced in her property and had the pipes taken out at the source, putting in a watering trough which was supplied by the water from the spring. Atkinson testified that a short time later Miss Boucher told him he could have the overflow water from the trough, so he replaced the pipes removed by her and from then on during the time he held the property he had the use of said overflow water. Atkinson did some maintenance work on the piping system. When asked directly as to whether he claimed to own the water Atkinson testified that he did not, unless there was a state law saying he could have it.

In 1944 Atkinson sold his property to Stevens, who owned it until 1946 when he sold it to the appellant Heinkel. Heinkel testified Stevens was using the water when she took possession of the property. Other than the fact of user there is nothing to show the character thereof, i.e. whether the same was adverse or permissive. In July 1948, Miss Boucher sold her property to respondent McAllister who on October 1, 1948, removed the pipes and prevented further use of the water by appellant, whereupon the instant action was instituted.

Appellant makes two contentions, her first being that the judgment is unsupported by evidence and the findings of fact are contrary to and in conflict with the evidence. Secondly, she contends the decision is contrary to the law and the facts.

Appellant's brief, in the portion devoted to her first contention, summarizes the evidence given by Frederick Atkinson, Mrs. Hattie Atkinson, Mr. H. F. Heinkel and Alice Heinkel. But nowhere therein does she state in what manner this evidence fails to support the findings of fact and the judgment.

We are unable to discern any question presented therein for our determination, hence we will consider the summarized evidence as intended to support her contentions as to the law properly applicable to the facts found.

Appellant's second contention, that "The decision of the court is against the law and contrary to the law and facts" rests upon her claim that she is entitled to the use of the water either because of an irrevocable parol license or by a prescriptive right thereto.

Appellant argues, "Where plaintiff and her predecessors in interest have used the water from such spring openly, visibly, notoriously, continuously, uninterruptedly, with the actual knowledge of the owners of such spring, and under a claim of right thereto for a period of more than thirty-eight years, does not the use of the water from such spring under such circumstances carry with it a prescriptive grant that is a prescriptive right to such water by prescriptive use?"

The facts do not support the above contention. ■ A prescriptive right cannot be founded upon a use permissive in character. (25 Cal.Jur. 1174.) ■ That the evidence conclusively establishes the user here was permissive cannot be doubted. Mrs. Shadduck testified she and her husband developed the spring for their use in 1910 under permission given by the then owner of the McAllister property. She further testified that upon selling their land in 1939 they told the purchaser, Mr. Atkinson, that they were not selling this water for the reason they did not own it. Atkinson's use of the water was interrupted in 1940 and his testimony was that his use thereof was resumed under permission given by Miss Boucher, the then owner of the McAllister property to use the overflow from the watering trough she had installed on her land. Atkinson sold the land to Stevens in 1944, less than five years prior to the complete interruption of the user on October 1, 1948, by the respondent. Thus, even if we concede the user of both Stevens and appellant to be adverse, no prescriptive right could have been established since such user could not have been made thereof for the statutory period. (Civ. Code, § 1007.) (*Kaler* v. *Brown*, 101 Cal.App.2d 716 [226 P.2d 66].)

■ Appellant next contends that "where plaintiff's predecessors in interest were the recipients of a parol grant or license to develop or 'dig out' a spring on adjoining property, and to use the flow of water therefrom for the purpose of watering livestock and irrigating crops on their property, and

pursuant thereto expended money and performed labor to install or lay a pipeline with which to conduct the flow of water from such spring to tanks on their property, and had the exclusive, open, visible, continuous and uninterrupted use of the water from said spring for a period of 29 years, such parol grant or license is irrevocable and the licensor or grantor and his successors in interest are estopped from interfering with the continued possession of such pipeline and the use of the water from such spring by the plaintiff.''

The trial court found the original permission given by Harris ''was a neighborly arrangement only'' and that the Shadducks ''never claimed to own the water from said spring, or any part thereof, or the right to use the same and never claimed any property right in the same''; that the owners of the respondents' land ''from 1910 down to the date of the trial hereof, have always claimed the exclusive right to the use of all of the water from said spring; if any was left over, the owner of the [plaintiff's land] by a neighborly arrangement hereof was permitted to take it and use it so long as it was not needed by the owners of the [defendants'] lands.'' The court also found ''that said E. L. Shadduck did not, nor did any other person ever, expend large sums of money in the construction of any pipeline, or in the maintenance of any pipeline; that only a trivial sum was expended in laying a half-inch pipe across the County Road''; . . . ''that said water from said spring has not been, and is not now, either necessary or indispensable for the proper or any irrigation of said lands, or any part thereof, either for production of crops growing thereon or for livestock or for domestic use; that in 1934 the lands formerly owned by Harris were acquired by a Miss Boucher; that she continued the same neighborly arrangement for the use of the excess water from the spring on the [defendants'] lands . . . by the owners or occupants of the [plaintiff's] lands . . . as was had with the owner Harris; that Miss Boucher disconnected the pipeline when the Atkinsons attempted to assert a claim of right to use said water in June, 1940; . . . . That, on or about the 15th day of October, 1948, said defendants disconnected said pipe and pipeline from said spring; that by reason of the removing of said pipe and pipeline plaintiff has not been damaged in any sum or way whatever.''

In view of these findings we do not think the situation here presented fits within the rule of *Stoner* v. *Zucker*, 148 Cal. 516 [83 P. 808, 113 Am.St.Rep. 301, 7 Ann.Cas. 704] and those

cases following it, upon which plaintiff places her reliance, but rather comes within the principle enunciated in *Kaler* v. *Brown, supra.* In that case the argument was made that "The evidence showed an executed oral license which was and is irrevocable." The court there said at page 719:

"There was no evidence as to the value of the labor and material that went into the cement strips, and it is quite obvious that the expense was trivial. The small improvement was one which accommodated the Stevens family as well as the Kalers; it did not call for an expenditure which would have justified the former in giving the Kalers permission to use the driveway permanently. From the undisputed evidence the permission appeared to be merely a neighborly accommodation to both parties without any agreement or undrstanding that it was to continue for any definite time. A reasonable inference is that the parties understood it to be an arrangement terminable at the pleasure of Mr. and Mrs. Stevens. Mr. Kaler requested nothing more than this. His small expenditure was more commensurate with a temporary than a permanent right to use the driveway. Plaintiffs and their predecessors have been amply repaid for the original cost of the driveway. Revocation of permission to use it longer works no injustice to them. They were fortunate to have had 25 years' use of it before dissension arose."

In the instant case the arrangement was a neighborly arrangement or an accommodation without any agreement or understanding that it was to continue for any definite time. A reasonable inference is that the parties understood the license to be terminable at will. In fact nothing more than this was requested. The expense the licensee was put to in order to make use of the permission given was trivial and did not call for an expenditure which would have justified the Harrises or their successors in giving a permanent right. Nor is the water supply necessary for the proper use of appellant's lands. Needless to say the original cost has been recovered many times.

For the above reasons we feel the judgment denying plaintiff's claim to a permanent right to the water must be affirmed.

The judgment is affirmed, and the purported appeal from the order denying a new trial is dismissed.